IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NATIONAL INDEMNITY COMPANY, | ) | CASE NO: 8:22-CV-200 |
| Plaintiff, | ) | |
| v. | ) | |
| LIBERTY MUTUAL INSURANCE COMPANY, as successor-in-interest to FIRST OF GEORGIA INSURANCE COMPANY; PROGRESSIVE CORPORATION; and TRAVELERS COMPANIES, INC., as successor-in-interest to BANKERS & SHIPPERS INSURANCE COMPANY and CALVERT FIRE INSURANCE COMPANY | ) | **COMPLAINT FOR DECLARATORY RELIEF** |
| Defendants. | ) | **DEMAND FOR JURY TRIAL IN OMAHA, NEBRASKA** |


COMES NOW Plaintiff, National Indemnity Company ("NICO"), and for its Complaint against Defendants Liberty Mutual Insurance Company, as successor-in-interest to First of Georgia Insurance Company ("Defendant Liberty Mutual"); Progressive Corporation ("Defendant Progressive"); and Travelers Companies, Inc., as successor-in-interest to Bankers & Shippers Insurance Company and Calvert Fire Insurance Company ("Defendant Travelers") (collectively, "Reinsurers"), alleges as follows:

## INTRODUCTION

1. This is an action for declaratory relief and breach of contract regarding the Reinsurers' failure to make payment on Plaintiff NICO's submitted reinsurance billings.

2. On April 19, 2022, Plaintiff NICO became liable under a contract of insurance to the State of Montana (the "Insurance Policy") in the total amount of $157,237,493.30 for liabilities arising from the Insurance Policy.

3. Plaintiff NICO obtained reinsurance coverage from each of the Reinsurers in 1973 through 1975 (the "Reinsurance Agreements"). Under the terms of their respective Reinsurance Agreements, each Reinsurer is obligated to reimburse Plaintiff NICO sums it has paid in respect of the obligations and associated expenses and costs arising from the Insurance Policy.

4. While Plaintiff NICO has recently submitted reinsurance billings to each Reinsurer, all Reinsurers have previously been put on notice of the subject losses and the potential for those losses to implicate their obligations on their respective Reinsurance Agreements.

5. No Reinsurer has indicated that it will meet its contractual obligations to NICO under the respective Reinsurance Agreements, and three Reinsurers have confirmed that they

will not do so, in each case having filed an action against NICO in three different federal courts in three different states (Pennsylvania, New York, and New Hampshire), contending in all cases – and before they ever received a bill – that they are not liable for all or a part of their obligations.

6. NICO is moving to dismiss the pending reinsurer actions on personal jurisdiction and *forum non conveniens* grounds, in favor of this properly venued, more comprehensive action.

## PARTIES

7. Plaintiff NICO is a corporation organized under the laws of the State of Nebraska with a principal place of business in Omaha, Nebraska.

8. Defendant Liberty Mutual is a corporation organized under the laws of Delaware with its principal place of business in Massachusetts.

9. Defendant Progressive is a corporation organized under the laws of the State of Ohio with its principal place of business within the state of Ohio.

10. Defendant Travelers is a corporation organized under the laws of the State of Minnesota with its principal place of business, upon information and belief, within the State of New York.

## JURISDICTION AND VENUE

11. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 *et seq.* and Rule 57 of the Federal Rules of Civil Procedure and for breach of contract.

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). This controversy is between citizens of different states and the amount of controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

13.     Venue is proper in this district pursuant to 28 U.S.C. §1391 (b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this state.  Venue is also proper in this district pursuant to 28 U.S.C. § 1391 (b)(3) in that there is no other district in which this matter may otherwise be brought and each of the defendants is subject to this Court's personal jurisdiction.

## BACKGROUND

14.     Plaintiff NICO issued the Insurance Policy to the State of Montana with an effective period between July 1, 1973, and July 1, 1975.

15.     Defendant Liberty's predecessor-in-interest, First of Georgia, issued Certificate No. 10470 to Plaintiff NICO for the period July 1, 1973 to July 1, 1974, which provided reinsurance coverage to Plaintiff NICO for the risks associated with the Insurance Policy.

16.     Defendant Progressive issued Certificate No. 10470 to Plaintiff NICO for the period July 1, 1973 to July 1, 1974, which provided reinsurance coverage to Plaintiff NICO for the risks associated with the Insurance Policy.

17.     Defendant Travelers predecessor-in-interest, Calvert Fire Insurance Company, issued Certificate No. 12307 to Plaintiff NICO for the period July 1, 1974 to July 1, 1975, which provided reinsurance coverage to Plaintiff NICO for the risks associated with the Insurance Policy.

18.     Defendant Travelers predecessors-in-interest, Bankers & Shippers Insurance Company and Calvert Fire Insurance Company, issued Certificate No. 10470 to Plaintiff NICO for the period July 1, 1973 to July 1, 1974, which provided reinsurance coverage to Plaintiff NICO for the risks associated with the Insurance Policy.

19. Beginning in 2000, individuals claiming asbestos-related injuries began filing torts claims against the State of Montana alleging that the state failed to warn of potential asbestos exposure in or around the Libby Mine.

20. Litigation proceeded from those claims and the State of Montana reached a settlement agreement with the Libby Mine claimants in 2009, and Plaintiff NICO provisionally paid $16.1 million to the State of Montana under a full reservation of the right to recoup that payment in the event that it was judicially determined that no coverage existed for the State's claims.

21. In 2012, Plaintiff NICO filed a coverage action against the State of Montana seeking a declaration of rights and obligations under the Insurance Policy, including a declaration that it had no obligation to defend or indemnify the State of Montana for any past or future Libby Mine claims.

22. The State of Montana counterclaimed in the coverage action for breach of contract against Plaintiff NICO.

23. In August 2019, the district court in Montana state court entered judgment in the amount of $97,833,193.39 in favor of the State of Montana on its counterclaim and against Plaintiff NICO.

24. The Supreme Court of Montana affirmed in part and reversed in part the district court's decision in *National Indemnity Co. v. State*, 406 Mont. 288 (2021).

25. On April 19, 2022, Plaintiff NICO and the State of Montana entered into an agreement to resolve all coverage claims regarding the Insurance Policy and the Libby Mine claims in the amount of $157,237,493.30 (the "Settlement").

26. On May 25, 2022, the district court approved the Settlement.

27. On or about June 6, 2022, Plaintiff NICO sent billings to each of the following Reinsurers for their respective portion of the loss:

| Reinsurer | Billing Amount |
|---|---|
| Defendant Liberty | $1,734,335 |
| Defendant Progressive | $1,734,335 |
| Defendant Travelers Calvert | $14,452,071 |
| Defendant Travelers Calvert/Bankers | $4,335,188 |

28. As of the date of this filing, none of the Reinsurers has paid the billed amounts.

## CAUSE OF ACTION
### (Declaratory Judgment)

29. Plaintiff NICO incorporates its prior allegations as if set forth fully here.

30. There exists a ripe and justiciable controversy between the parties regarding the Reinsurers' obligations to Plaintiff NICO under their respective Reinsurance Agreements to indemnify Plaintiff NICO for the loss incurred by Plaintiff NICO under the Insurance Policy issued to the State of Montana.

31. Plaintiff NICO seeks a judicial declaration regarding the parties' rights and obligations under the Reinsurance Agreements in connection with or arising out of the loss it incurred under the Insurance Policy issued to the State of Montana, including but not limited to, the Reinsurers' obligation to indemnify Plaintiff NICO for the amounts billed in paragraph 27 of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff National Indemnity Company prays for judgment in its favor as follows:

A. Declaring and determining the rights and obligations of the parties under the Reinsurance Agreements, including, but not limited to, that the Reinsurers are required to

indemnify Plaintiff NICO for the losses incurred by Plaintiff NICO with respect to the Insurance Policy and in the amounts set forth in paragraph 27 of this Complaint; and

  B. Awarding Plaintiff NICO its reasonable attorney's fees, including but not limited to its attorney's fees as mandated under Neb. Rev. Stat. § 44-359, for Plaintiff NICO's costs and fees incurred, and for such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial in Omaha, Nebraska.

DATED this 6th day of June, 2022.

        NATIONAL INDEMNITY COMPANY, Plaintiff,

    By: s/ Jason W. Grams
      Larry F. Harr, #11719
      Jason W. Grams, #24596
      Michael L. Storey, #24960
      LAMSON DUGAN & MURRAY, LLP
      10306 Regency Parkway Drive
      Omaha, NE 68114
      T: (402) 397-7300 | F: (402) 397-7824
      Email: lharr@ldmlaw.com
         jgrams@ldmlaw.com
         mstorey@ldmlaw.com

750446